### JACOB H. CLEMMER v. CINCINNATI (CITY).

SERVICE OF NOTICE OF STREET IMPROVEMENT UPON LESSEE WITH OPTION IS SUF-FICIENT, WHEN.

> Service of notice of a street improvement upon, and the signing of a petition by, a lessee for ten years with privilege of purchase, is sufficient to bind all interests with reference thereto, when it appears from the testimony that the lessor considered the property sold, had it transferred on the tax duplicate to the lessee, and looked to him to pay all taxes and assessments.

**F. C. Ampt,** for plaintiff.

**C. J. Hunt,** city solicitor, for defendant.

**JELKE, J.**

We are of opinion that by the terms of the lease for ten years, with the privilege of purchase given by Mr. Clemmer to Mr. Miller, Mr. Miller was constituted the agent of Mr. Clemmer, and the representative of the corpus of the property sufficiently to bind all interests therein of both Miller and Clemmer, by the service of notice upon Miller and the signing of the petition by him.

This interpretation of this lease is borne out and sustained by Mr. Clemmer upon the witness stand; after he had surrendered the possession of his property to Mr. Miller, and the same had been transferred on the tax duplicate of the county to Mr. Miller, Mr. Clemmer says that he paid no attention to the property, but considered the same sold so far as he was concerned, and looked to Mr. Miller to provide for and pay all taxes and assessments.

Hamilton County.

Although the lease herein involved is not of the same permanent nature as that involved in the case of *St. Bernard* (*Vil.*) v. *Kemper,* 60 Ohio St. 244, 253 [54 N. E. Rep. 267; 45 L. R. A. 662], and we do not undertake to lay down any general rule in regard to all leases, we feel that the real estate itself in this case was so handled and disposed of by the lessor to the lessee as to make the language of the opinion of Judge Burket on page 253 particularly applicable:

"The rules of taxation are prescribed by the statutes, and the persons must make their contracts with reference thereto, and if the power is given to a lessee to deal with property as owner, and to have it stand in his name for taxation, the lessor becomes bound by the acts of his lessee, and has no cause for complaint."

We further think that original Sec. 2304 Rev. Stat., which obtained at the time this improvement was undertaken, is applicable on this point. We think the same reasoning applies to the signing of the petition for the improvement of Fairview avenue, and the improvement of Straight street.

In regard to the second Straight street improvement, we are of opinion that the lien for this assessment should not extend beyond the average depth of lots in this vicinity, which is about 125 feet, and, limited to this depth, the property will not stand a sewerage assessment to exceed one dollar per front foot, and be within the 25 per cent limitation.

In regard to the third Straight street assessment we are of opinion that the original grading and the recent bowldering should be taken as one improvement and confined within the 25 per cent limitation, and having held that the first assessment on Straight street was binding by reason of the signing of the petition, and as the amount there held to be binding upon the property is in excess of 25 per cent of what we find the value to be, we are of opinion that the assessment for bowldering is an unlawful burden upon the property and is invalid.

A decree disposing of these four assessments may be had in accordance with the above views.

**Giffen** and **Swing, JJ.,** concur.